*202 PETITION Ron A RE-HEARING-, BY
G. M. B'IBB, ESd¿
The counsel for the said Hardman and Brown, move a re-hearing, upon these considerations:
That said Brown is the 'holder of the legal title, and had recovered ih ejectment;. that they derived their legal title under and through Gullion, in whom the legal title was, otherwise they co'uld not have recovered in ejectment..
That said complainant does not show any writing of contract with thesaid Gullion, for the said lots; nor has the complainant* or any one under whom he pretends claim, any instrument of Writing connecting his or their claim with the said Gullion, under and from whom they •'pretend to derive their equity; but that their said equity is Touuded solely on the second deposition of Fowler, contradictory to his first deposition.
Let it not be forgotten, that th.e name of Gullioti to the paper exhibited by the complainant, is expressly •proved not to be Gullion’s hand-writing; but if that is Gullion’s writing, then one half of the lots only can be ’claimed by that writing, and according to Fowler’s first 'deposition, those lots-.purchased by him and sold by the directors of'the public buildings, were the lots in his, Fowler’s, bond'to Wallace ;'and to get the other lots of •Gullion, he, Fowler, proves a parol purchase, fnade by Weisiger for him, and by his second deposition, the claim is shifted, and the lots now in controversy, are claimed as the purchase from the directors of the public buildings. Thus, by the decree, Gullion is made to’ •lose half of his lots, by a paper he never signed, and the other half, upon the conflicting depositions of Fowler, as to a parol purchase for him by Capt-ain Weisiger, whose deposition is also taken, but says not a word of such a purchase of Gullion for Fowler.
As -to the deed from the commissioners or directors of the public buildings, shown by the complainant, it is ho evidence of any sale by Gullion. The directors or commissioners, or complainant, show no connection with Gullion; for, as before remarked, the paper produced by the complainant, as Gullion’s, is proved not to be his hand-writing, and no authority given to any other to sign for him, nor any acknowledgment or delivery by Gullion, is proved.
So that a clear legal title in the defendants is decreed away by a very doubtful equity, (to make tile best of *203 it,) resting in parol proof, in the very teeth of the statute against frauds and perjuries.
December 16.
The title to these-lots never was vested ip the trustees of the town of Frankfort., These lots are outside of the 100 acres first laid' off; they are in an addition made by private persons, and by their'own private act} and conveyed to Gullion, before any act of assembly or legal, recognition of this addition, as part of the town of Frankfort, ffthe title had.been vested in trustees, then Gullion could not have conveyed the legal, title to Brown, unless Gullion had the d.eed of the trustees, and. Brown could'not have recovered in ejectrneht, without, showing the legal title in himself.'.
So that in every way. in which- this case can be-viewed, it seems to the counsel, that the legal title had.been decreed away upon mere parol prooR.
T,he testimony of Weisiger, is silent as t.o any cotn tract made by him for Fowler, with Gullion; the testimony of Weisiger and of all others, is not. sufficient to' show, any division of the lots, nor any cause for specific... execution of the paper exhibited as 'Gullion’s,. were. it. proved to be Gullion’s act.,
A re-hearing is.solicited,
BIBB, for petitioners. '
But the court, after consideration of the petition un-fcjl the present term, overruled the motion, and the opinion stands confirmed,.